IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

RONALD S. CAVENDER                                                  PETITIONER

VERSUS                                          CIVIL ACTION NO. 5:11-cv-73-DCB-RHW

JOHN DOE, Title 18 (Public Law 80-772)                             RESPONDENT

<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court, *sua sponte*, for consideration of dismissal.  Petitioner, an inmate incarcerated at the Federal Correctional Institution, Yazoo City, Mississippi, filed this complaint on May 9, 2011, and submitted the filing fee for $5.00.  Therefore, the instant civil action is considered a petition for habeas relief pursuant to 28 U.S.C. § 2241[1].  Upon a review of the petition, this Court finds as discussed below that the petitioner cannot maintain the instant petition for habeas relief pursuant to 28 U.S.C. § 2241 or in the alternative, as a different cause of action.

<u>Background</u>

Petitioner argues in the instant petition [1] that Public Law 80-772, the codification of Title 18 of the United States Code, never was enacted properly and is, therefore, unconstitutional and void.  According to the petitioner, in order for Congress to pass a bill that will become law "[t]he Constitution requires 'three procedural steps:'  (1) a bill containing its <u>exact text</u> be approved by a majority of the members of the House of Representatives; (2) the Senate approve <u>precisely the same text</u>; and (3) <u>that text</u> be signed into law by the President." *Id*. at p.6.  Therefore, petitioner contends that when Congress fails to follow each and every procedural step required, then the act or bill does not become law.  *Id*.

_____

[1]This Court finds that petitioner previously filed a petition for habeas relief pursuant to 28 U.S.C. § 2241 in *Cavender v. Pearson*, 5:11-cv-12-DCB-JMR (S.D. Miss. Mar. 30, 2011) concerning the same claim that Public Law 80-772 was not properly enacted as asserted in the instant civil action.  However, petitioner in the instant civil action presents some different arguments from those asserted in the previous petition to support his conclusion that Public Law 80-772 was not properly enacted.  The previous case was dismissed by a Final Judgment [9] on March 30, 2011.  *Id.*

Petitioner claims that Public Law 80-772 is void based on the following:  the House of Representatives failed to have a quorum to vote on Public Law 80-772, the version of Public Law 80-772 that was passed by the Senate was not the same one passed by the House of Representatives and it was not certified as enrolled.  Pet. [1] at p. 3.  Therefore, he requests that this Court "declare Title 18 (Public Law 80-772) unconstitutional and make relief available for those who were wrongly imprisoned."  *Id.* at p. 12.

Analysis

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241.  *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir.1992).  As the United States Court of Appeals for the Fifth Circuit has recognized, "[a] section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated."  *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).  On the other hand, "section 2255, not section 2241, is the proper means of attacking errors that occurred during or before sentencing."  *Ojo v. Immigration and Naturalization Service*, 106 F.3d 680, 683 (5th Cir.1997) (citing *Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir.1990).

Under the circumstances of the instant civil action, it is clear that the petitioner is not challenging the execution of his sentence, but the conviction and sentence itself.  As such, the instant petition "must either be dismissed or construed as a section 2255 motion," *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir.2000), unless the petitioner "can satisfy the mandates of the so-called § 2255 'savings clause,'" *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir.2001).

2

Case law has made it abundantly clear that "[t]he petitioner bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir.2000). The United States Court of Appeals for the Fifth Circuit in *Reyes-Requena*, in providing guidance as to the factors that must be satisfied for a petitioner to meet the stringent "inadequate or ineffective" requirement, held the savings clause of § 2255 to apply to a claim when both prongs of the test are satisfied, as follows:

> (1) when the claim is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and
> (2) that claim was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Reyes-Requena*, 243 F.3d 893, 904 (5th Cir. 2001). The first prong of the test is, essentially, an "actual innocence" requirement, whose "core idea is that the petitioner may be have been imprisoned for conduct which was not prohibited by law." *Id*. at 903.

This Court finds that in order for the petitioner to meet the first prong of the *Reyes-Requena* test he must be relying on a decision by the United States Supreme Court which was retroactively applied establishing that the petitioner was convicted of a nonexistent crime. *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir.2001). Petitioner is relying in part on a memorandum from the Director of Prisons, Harley G. Lappan, to support his argument. However, petitioner does not assert that his claim is based on a retroactively applicable decision rendered by the United States Supreme Court that established that petitioner is actually innocent of the underlying crime for which he was convicted and that the instant claim was foreclosed by circuit law at the time he filed his motion to vacate pursuant to 28 U.S.C. § 2255[2]. Thus, the petitioner has failed to meet the

---

[2]This Court takes judicial notice that petitioner's motion to vacate filed in the United States District Court for the Eastern District of Texas presented as one of the arguments for relief that

3

requirements of *Reyes-Requen*a and he will not be allowed to proceed with this action pursuant to 28 U.S.C. § 2241.

This Court finds that the United States Court of Appeals for the Fifth Circuit has held that "[t]his Court and other Courts of Appeals have consistently noted that 'a prior unsuccessful [section] 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy.'" *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir.2000) (quoting *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979)).  Likewise, the Fifth Circuit has determined that the inability to meet the AEDPA's second or successive requirement does not make § 2255 inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001)(citing *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000)).  Therefore, since the petitioner's claims do not meet the stringent requirements of the savings clause, he will not be allowed to proceed with this action pursuant to 28 U.S.C. § 2241.

Finally, this Court finds that whether the petitioner files a habeas request or other cause of action claiming that Public Law 80-772 is invalid is without merit.  *See U.S. v. Risquet*, 426 F. Supp. 2d 310 (E.D. Pa. 2006)(stating that President Truman signed Section 3231 into law on June 25, 1948, after the 1948 amendment to Section 3231 passed both houses of Congress, and that the amendment and statute were "properly enacted and . . . binding."); *DeCarlo v. Hollingsworth*, 2010 WL 5135883 (S.D. Ill. Dec. 10, 2010)(determining that a § 2241 petition could not be maintained

---

Public Law 80-772 and 18 U.S.C. § 3231 were not properly enacted, basically the same grounds as presented in the instant § 2241 habeas petition. *See United States v. Cavender*, civil action no. 6:08-cv-435-MHS-JKG (E.D. Tex. Dec. 5, 2008).  In his request for a certificate of appealability to the Fifth Circuit from the district court's denial of his motion to vacate, petitioner argues as one of the grounds for relief that the district court lacked jurisdiction and committed structural error. *See United States v. Cavender*, appeal no. 09-40020 (5th Cir. Sep. 10, 2009).  The United States Court of Appeals for the Fifth Circuit denied his certificate of appealability for failing to make "a substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2). *Id.*

based on the argument that 18 U.S.C. § 3231 has not been properly enacted into law.); *Lister v. United States*, 2006 WL 3751324 (N.D. Tex. Dec. 20, 2006)(finding that "the law was properly enacted."); *Delreth v. United States*, 2006 WL 1804618, at *4 (S.D. Tex. June 27, 2006)(noting that "even if 18 U.S.C. § 3231 was flawed, legislation that pre-dated section 3231 would have operated to give the Court jurisdiction over federal crimes.").  Additionally, this Court finds that this similar argument has already been rejected by other courts. *See Cardenas-Celestino v. United States*, 552 F. Supp. 2d 962, 966 (W.D. Mo. 2008)(holding that "Public Law 80-772 was passed by both houses before a *sine die* recess was called and, therefore, was properly enacted.")(citing *United States v. McCuiston*, 2007 WL 2688502 (S.D. Tex. Sept. 12, 2007)); *United States v. Wolford*, 2009 WL 1346034 (W.D. Penn. May 13, 2009) (finding that the "Petition to Dismiss Indictment Want of Jurisdiction, Challenge of Constitutional of a Statute 18 U.S.C. 3231-Certification Intervention" was frivolous); *United States v. Siegleman*, 2007 WL 1284276 (M.D. Ala. Apr. 30, 2007)(providing that "even the briefest of forays into the electronic databases available for legal research yields a long list of judicial opinions that have considered and rejected" this claim that "18 U.S.C. § 3231, the statute which gives the district courts of the United States original jurisdiction over all offenses against the laws of the United States, was not properly enacted.")(collecting cases).  Therefore, notwithstanding the cause of action the petitioner files concerning this issue, his claim that Public Law 80-772 was not properly enacted, is simply frivolous.

Conclusion

As stated above, this civil action will be dismissed with prejudice as frivolous and to the extent that it can be construed as a § 2255 motion it will be dismissed with prejudice for this Court's lack of jurisdiction.  *See Pack v. Yusuff*, 218 F.3d 448, 454-55 (5th Cir.2000).

A final judgment in accordance with this Memorandum Opinion and Order shall be issued.

SO ORDERED, this the __28th__ day of July, 2011.


 s/David Bramlette
UNITED STATES DISTRICT JUDGE